**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000214
10-DEC-2014
04:10 PM**

NO. CAAP-12-0000214

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ADVANCED AIR CONDITIONING, INC.,
Plaintiff-Appellee/Cross-Appellant,
v.
GORDON SMITH, Defendant-Appellant/Cross-Appellee.


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CIVIL NO. 1RC10-1-5773)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Leonard and Ginoza, JJ.)

Defendant-Appellant/Cross-Appellee Gordon Smith (Smith) appeals from the "Findings of Fact; Conclusions of Law; Order" (FOF/COL) filed on December 30, 2011, and the Judgment filed on February 22, 2012, in the District Court of the First Circuit, Honolulu Division (district court).[1] Smith also challenges the "Order Denying Defendant's Motion for Summary Judgment as Plaintiff's Claims are Barred by the Statute of Limitations and Laches" filed on April 29, 2011, and the district court's denial of "Defendant's Motion in Limine as to Plaintiff's Expert Witness Cedric Chong's Report Paragraphs 3 and 4."

This case arises from Plaintiff-Appellee/Cross-Appellant Advanced Air Conditioning, Inc.'s (Advanced Air) complaint against Smith seeking payment for air conditioning materials, labor, and services provided during the construction of Smith's home. In the FOF/COL, the district court ordered

---

[1] The Honorable Linda K.C. Luke presided.

judgment to be entered in favor of Advanced Air and against Smith in the amount of $17,835, dismissed Smith's counterclaims with prejudice, and awarded Advanced Air reasonable attorneys' fees and costs.

In his points of error, Smith contends the district court erred by (1) denying Smith's motion in limine; (2) entering its findings of fact (FOF) and conclusions of law (COL) which found that Advanced Air completed installation of the air conditioning system in April 2005 and thus concluding that Advanced Air's claims are not barred by the statute of limitations or the doctrine of laches; (3) denying Smith's motion for summary judgment; (4) entering judgment in favor of Advanced Air; and (5) concluding that Advanced Air did not engage in unfair or deceptive trade practices.[2]

Advanced Air cross-appeals from the Judgment and the district court's January 26, 2012 order partially granting "[Advanced Air's] Non-Hearing Motion for Attorney's Fees, Costs and Prejudgment Interest." Advanced Air contends that the district court abused its discretion by (1) denying prejudgment interest, and (2) declining to award expert witness costs and all of the requested attorneys' fees.[3]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve the parties' points of error as follows and affirm.

---

[2] Although not directly cited by Smith, it appears that his points of error challenge FOF nos. 23 and 24, and COL nos. 5, 10-11, 14, and 16.

[3] Both parties violate Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(4) by failing to provide citation to where alleged errors occurred and where alleged errors were objected to in the Points of Error section of their opening briefs. "Points not presented in accordance with this section will be disregarded[.]" HRAP Rule 28(b)(4). "Nonetheless, noncompliance with Rule 28 does not always result in dismissal of the claims, and [appellate courts have] consistently adhered to the policy of affording litigants the opportunity to have their cases heard on the merits, where possible." Marvin v. Pflueger, 127 Hawai'i 490, 496, 280 P.3d 88, 94 (2012) (citations, internal quotation marks, ellipses and original brackets omitted). If the parties present the required references in other portions of their opening brief, we will address the arguments to the extent discernible. Id.

2

### Smith's Appeal

**(1) Motion in Limine** Smith contends that the district court erred by denying his motion in limine and admitting into evidence two paragraphs from Advanced Air's exhibit 29, a report from Advanced Air's expert witness, Cedric Chong (Chong). Smith contends that paragraphs 3 and 4 of Chong's report contained inadmissible hearsay.[4]

The district court admitted the report into evidence pursuant to Hawaii Rules of Evidence (HRE) Rule 703 over Smith's hearsay objection. "[T]he trial court's decision whether to disallow expert testimony under HRE Rule 703 involves a judgment call and is therefore reviewed for abuse of discretion." Tabieros v. Clark Equipment Co., 85 Hawai'i 336, 383, 944 P.2d 1279, 1326 (1997) (citation and internal quotation marks omitted). "The trial court abuses its discretion when it clearly exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party litigant." Id. at 351, 944 P.2d at 1294 (citation and internal quotation marks omitted).

Smith does not challenge on appeal admission of the disputed paragraphs under HRE 703, only asserting that paragraphs 3 and 4 contain hearsay and do not qualify for an exception under HRE Rule 803. Smith thus waives any argument related to HRE 703. Moreover, it appears that paragraphs 3 and 4 were properly admitted under HRE 703. HRE Rule 703 specifically permits expert witnesses to form their opinions based on facts or data that need not be admissible, as long as such evidence is "of a type reasonably relied upon by experts in the particular field[,]" and does not indicate a lack of trustworthiness. See Tabieros, 85 Hawai'i at 386-87, 944 P.2d at 1329-30 (noting that an expert witness may reveal data upon which they have actually and

---

[4] Smith also contends that admission of paragraphs 3 and 4 violated the district court's pre-trial conference order that "[o]ther than a rebuttal report from an expert on behalf of [Advanced Air], the parties shall not be allowed to submit any additional evidence or identify any additional witnesses." Chong was Advanced Air's rebuttal expert witness. Thus, the district court expressly permitted Advanced Air to submit Chong's report.

reasonably relied in forming opinions as long as the evidence does not indicate a lack of trustworthiness). Phone calls that Chong, a mechanical engineer, had with the project manager appear to be evidence "of a type reasonably relied upon" by mechanical engineers and the phone calls do not indicate a lack of trustworthiness. Therefore, the district court did not abuse its discretion.

**(2) Motion for Summary Judgment** Smith contends that the district court erred in denying his motion for summary judgment because, even when viewing the evidence in the light most favorable to non-movant Advanced Air, Advanced Air's claims were barred by the statute of limitations and the doctrine of laches.

The appellate courts review "the [trial] court's grant or denial of summary judgment de novo." Querubin v. Thronas, 107 Hawai'i 48, 56, 109 P.3d 689, 697 (2005).

> [S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and the inferences drawn therefrom in the light most favorable to the party opposing the motion.

Id. (quoting Durette v. Aloha Plastic Recycling, Inc., 105 Hawai'i 490, 501, 100 P.3d 60, 71 (2004)). Additionally, the statute of limitations and the doctrine of laches are both affirmative defenses for which the defendant carries the burden of proof. See Hawai'i Rules of Civil Procedure (HRCP) Rule 8(c); U.S. Bank Nat'l Ass'n v. Castro, 131 Hawai'i 28, 41, 313 P.3d 717, 730 (2013) ("Generally, the defendant has the burden of proof on all affirmative defenses, which includes the burden of proving facts which are essential to the asserted defense." (Citation and internal quotation marks omitted)).

The statute of limitations for actions to recover any debt founded upon a contract is six years. Hawaii Revised

Statutes (HRS) § 657-1 (1993).[5]  The contract in this case provided that "[p]ayment will be made promptly upon completion of task."  Smith contends that Advanced Air did one-half of the work in 2003 and then "walked off the job."  Alternatively, Smith argues that, even viewing the evidence in the light most favorable for Advanced Air, the latest date its work could have been completed was in April 2004 before Smith moved into the residence, and yet Advanced Air filed suit in May 2010, more than six years thereafter.  Smith contends that there is no genuine issue of material fact because Advanced Air presents no substantial evidence supporting the conclusion that installation was completed in 2005.

In support of his motion for summary judgment, Smith submitted a declaration in which he attested that by late 2003, only half of the installation was complete; Advanced Air ignored his repeated requests to complete the installation, essentially walking off the job; he was forced to hire a new company to complete the installation prior to February 2004; he began occupancy of the home in April 2004; and he never received a final invoice in 2005 from Advanced Air, which in turn, is in no way evidence of completion of the installation.

In opposing the summary judgment motion, Advanced Air provided the declaration of John Aguada (Aguada), president and an owner of Advanced Air, in which he attested that the last work performed by Advanced Air was in April 2005, and that it was Advanced Air's standard business practice to send a bill upon completion of the job and to offer the customer an agreement to service the equipment.  Submitted with Aguada's declaration were the April 2005 invoice and a proposed service maintenance contract dated May 25, 2005.  The counter evidence submitted by Advanced Air raised genuine issues of material fact, including when Advanced Air's services were allegedly completed and thus

---

[5]  HRS § 657-1 provides in pertinent part that "[a]ctions for the recovery of any debt founded upon any contract, obligation, or liability," must "be commenced within six years next after the cause of action accrued, and not after[.]"

when any alleged breach by Smith occurred. "[I]f the evidence presented on the motion is subject to conflicting interpretations, or reasonable men might differ as to its significance, summary judgment is improper." Makila Land Co. v. Kapu, 114 Hawai'i 56, 67, 156 P.3d 482, 493 (App. 2006) (block quote format altered; citation omitted). The district court did not err in denying Smith's motion for summary judgment.

In the alternative, Smith asserts the district court should have granted summary judgment because Advanced Air's claims were barred by the doctrine of laches.[6] Assuming a laches argument is appropriate for summary judgment, a party claiming laches must demonstrate prejudice from any delay. Adair v. Hustace, 64 Haw. 314, 321, 640 P.2d 294, 300 (1982).

Smith asserts that the prejudice suffered is the loss over time of documentation that would demonstrate the statute of limitations had lapsed. This argument is without merit. Smith points to Advanced Air's inability due to the passage of time to produce evidence showing when work was completed. It is unclear how this would prejudice Smith, but in any event Advanced Air did claim to have evidence showing when work was completed. The only lost defense evidence Smith cites is evidence demonstrating he had to hire another company to complete installation. Yet, such evidence would not necessarily establish the pertinent trigger for the statute of limitations, which is breach by Smith due to his alleged failure to pay. See Almeida v. Almeida, 4 Haw. App. 513, 520, 669 P.2d 174, 180 (1983) ("Generally, the statute of limitations does not begin to run on a contract until it is breached.").

The district court did not err in denying Smith's motion for summary judgment.

---

[6] We note that, "[a]lthough a court of equity is not bound by the statute of limitations, in the absence of extraordinary circumstances, it will usually grant or withhold relief [under the doctrine of laches] in analogy to the statute of limitations relating to law actions of like character." Almeida v. Almeida, 4 Haw. App. 513, 521, 669 P.2d 174, 180 (1983) (citation, internal quotation marks, ellipses and original brackets omitted).

**(3) FOF/COL** Smith contends the record is devoid of substantial evidence supporting the district court's FOF nos. 23 and 24, which provide that Advanced Air completed installation in April 2005 and did not walk off the job. Smith contends that FOF nos. 23 and 24 are clearly erroneous and that COL nos. 10 and 11, holding that Advanced Air's claims are not barred by the statute of limitations and the doctrine of laches, are wrong.

"In this jurisdiction, a trial court's FOFs are subject to the clearly erroneous standard of review. An FOF is clearly erroneous when, despite evidence to support the finding, the appellate court is left with the definite and firm conviction that a mistake has been committed." Chun v. Bd. of Trs. of Emps. Ret. Sys. of State of Hawai'i, 106 Hawai'i 416, 430, 106 P.3d 339, 353 (2005) (citations and internal quotation marks omitted). "An FOF is also clearly erroneous when the record lacks substantial evidence to support the finding. [The Hawai'i Supreme Court has] defined 'substantial evidence' as credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Leslie v. Estate of Tavares, 91 Hawai'i 394, 399, 984 P.2d 1220, 1225 (1999) (block quote format altered; citations and internal quotation marks omitted).

Smith has not demonstrated that the district court clearly erred. The only evidence supporting Smith's contention that Advanced Air walked off the job in 2003 is Smith's own testimony. "[I]t is within the province of the trier of fact to weigh the evidence and to assess the credibility of the witnesses, and this court will refrain from interfering in those determinations." LeMay v. Leander, 92 Hawai'i 614, 626, 994 P.2d 546, 558 (2000). It is undisputed that an air conditioning system was installed in Smith's house. The evidence adduced at trial by Advanced Air, including the testimony of Aguada, the final invoice in April 2005, and the proposed maintenance contract in May 2005, support the district court's findings. Moreover, Smith offers no substantive argument against the district court's FOFs that describe the work done by Advanced Air

and the interactions between Advanced Air and Smith upon completion of the installation in 2005.

Thus, Smith has failed to demonstrate the district court clearly erred in regards to the challenged findings.

**(4) Smith's Counterclaim** Smith contends the district court erred when it concluded that Advanced Air did not engage in unfair or deceptive trade practices under HRS § 480-2 (2008). See COLs 14 and 16. At trial, Smith asserted Advanced Air engaged in unfair or deceptive practices by failing to provide materials and services as set forth in the contract, and "failing to meet industry standards."

Smith does not dispute the following COLs:

> 12. Hawaii Revised Statutes Section 672E-5 [(Supp. 2013)] requires that a contractor be given 90 days written notice of any claimed construction defect prior to filing of a claim against a contractor.

> 13. Smith did not comply with the notice requirements of the Hawaii Revised Statutes Section 672E-5.

> . . . .

> 17. There is a basis to dismiss Smith's Counterclaim because it exceeds the statutory limit of HRS Section 604-5 [(Supp. 2013)] and because of Smith's failure to abide by HRS Section 672E-3 [(Supp. 2013)] and HRS Section 672E-13 [(Supp. 2013)].

Unchallenged COLs are binding on this court. Wong v. Cayetano, 111 Hawai'i 462, 479, 143 P.3d 1, 18 (2006). Thus, even without addressing Smith's substantive arguments, there exists an independent basis to affirm the district court's dismissal of Smith's counterclaim.

Even considering Smith's arguments, Smith's assertion of unfair or deceptive practices was dependant in part on a conclusion that Advanced Air breached the contract, yet as noted above, Smith failed to demonstrate that Advanced Air walked off the job.

Also, Smith contends that Advanced Air provided a substandard product. In COL no. 5, the district court concluded that "[a]ny failure in the air conditioning system to adequately cool the house to Smith's satisfaction was the result of Smith's failure to cut openings and provide soffits to accommodate the

ductwork."  Smith contends that it was not his duty to perform such actions.

"A COL is not binding upon an appellate court and is freely reviewable for its correctness.  This court ordinarily reviews COLs under the right/wrong standard.  Thus, a COL that is supported by the trial court's FOFs and that reflects an application of the correct rule of law will not be overturned." Chun, 106 Hawai'i at 430, 106 P.3d at 353 (citations, internal quotation marks and original brackets omitted).

The district court's COL no. 5 was not wrong.  The contract called for the "[c]ontractor to provide soffits and chase for pipes and duct work as needed."  "[T]erms of a contract should be interpreted according to their plain, ordinary and accepted use in common speech, unless the contract indicates a different meaning."  Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 108, 839 P.2d 10, 24 (1992) (citation and quotation marks omitted).

The contract reflects that it was drafted pursuant to "verbal discussion."  Aguada testified that during the pertinent verbal discussion, he told David Dolman (Dolman), Smith's project manager, that it was Smith's responsibility to provide soffits and openings.  Although Dolman denied telling Smith specifically that Smith was the "contractor" referred to in the contract, Dolman verified his discussion with Aguada.  Dolman further testified that in his experience, the framers hired by the owner provide soffits.  Dolman handled all negotiations for Smith.  Any potential failure on the part of Dolman to explain the terms of the deal to Smith does not constitute deceptive practices on the part of Advanced Air.

Smith offers no substantive argument against FOF nos. 18 and 19 which provide that, during installation, Advanced Air requested that openings be cut and soffits be provided to accommodate the ducts, but was told by Smith's on-site supervisor that Smith refused to do such work and Advanced Air should make the ducts fit within the frame already in place.

Smith has not demonstrated the district court erred.

9

**Advanced Air's Cross-Appeal**

**(1) Prejudgement Interest** Advanced Air contends the district court abused its discretion in denying prejudgment interest despite Smith's failure to pay the amount due under the contract for almost seven years. "Prejudgment interest, where appropriate, is awardable under HRS § 636-16 [(1993)] in the discretion of the trial court." Amfac, Inc., 74 Haw. at 136, 839 P.2d at 36.

HRS § 636-16 authorizes courts in civil cases to award interest. "The purpose of the statute ... [is] to allow the court to designate the commencement date of interest in order to correct injustice when a judgment is delayed for a long period of time for any reason, including litigation delays." Amfac, Inc., 74 Haw. at 137, 839 P.2d at 36 (internal quotation marks omitted). "[A] trial court can award prejudgment interest for any substantial delay in the proceedings, and no purposeful delay on the part of the non-moving party is required." Cnty. of Hawaii v. C & J Coupe Family Ltd. P'ship, 124 Hawai'i 281, 312, 242 P.3d 1136, 1167 (2010) (citation, quotation marks, original brackets and emphasis omitted). Advanced Air does not contend that there was any undue delay during the course of litigation, resting its argument solely on Smith's alleged refusal to pay the $17,835 due under the contract. However, based on our review of the record, at least part of the delay in entering judgment in this case was due to the time it took Advanced Air to file suit.[7]

Advanced Air has not demonstrated that the district court abused its discretion. See Amfac, Inc., 74 Haw. at 137, 839 P.2d at 36 ("Because there is no evidence in the record that any of Amfac's conduct unduly delayed the proceedings in this case, we hold that the trial court did not abuse its discretion in denying [counter-claimant] prejudgment interest.").

---

[7] In 2007, Advanced Air filed a complaint to collect the $17,835 from Smith but the complaint went unserved. Aguanda also testified at trial that prior to the 2007 complaint, he explored the option of combining with other unpaid contractors to pursue Smith in concert.

**(2) Costs** Advanced Air contends that the district court abused its discretion by failing to award expert witness fees. "The [trial] court's grant or denial of attorneys' fees and costs is reviewed under the abuse of discretion standard." Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawai'i 92, 105, 176 P.3d 91, 104 (2008) (citation omitted).

While Advanced Air admits that ordinarily expert witness fees are not awardable as costs, it contends that under HRCP Rule 68[8] courts have awarded expert witness fees, citing Canalez v. Bob's Appliance Service Center, Inc., 89 Hawai'i 292, 972 P.2d 295 (1999). Regardless of whether Rule 68 may permit recovery of expert witness fees, we note that Advanced Air acknowledges that it did not make a Rule 68 settlement offer in this case.

Alternatively, Advanced Air contends that it was unable to make a formal Rule 68 settlement offer because Smith disclosed his expert witness opinions one week before trial was originally scheduled to begin. However, Advanced Air cites no authority suggesting that where a Rule 68 settlement offer has not been made, a party may still receive any potential rights afforded to offerors under the rule. Cf. Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawai'i 97, 120, 58 P.3d 608, 631 (2002) ("[A]n offer that does not satisfy the requirements of [HRCP] Rule 68 does not entitle the offeror to the special benefits of [HRCP] Rule 68." (block quote format altered; citation omitted)). Advanced Air provides no other theory for recovery of expert witness fees. Advanced Air has not demonstrated the district court abused its discretion.

---

[8] HRCP Rule 68 provides in pertinent part:

> At any time more than 10 days before the trial begins, any party may serve upon any adverse party an offer of settlement or an offer to allow judgment to be taken against either party for the money or property or to the effect specified in the offer, with costs then accrued. . . . If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

11

**(3) Attorneys' Fees**  Advanced Air contends that the district court abused its discretion by denying the full amount of requested attorneys' fees.

The statutory basis for attorneys' fees cited by Advanced Air before the district court was HRS § 607-14 (Supp. 2013).[9]  HRS § 607-14 authorizes recovery of reasonable attorneys' fees in all actions in the nature of assumpsit but caps recovery at twenty-five percent of the judgment.  "[W]here the plaintiff prevails on both his complaint and on the defendant's counterclaim, the maximum amount of § 607-14 attorney's fees awardable is computed by applying the schedule to the judgment amount in plaintiff's favor and to the amount sued for in the counterclaim separately and adding the resulting products."  Rodriques v. Chan, 5 Haw. App. 603, 608, 705 P.2d 67, 71 (1985).  The district court awarded attorneys' fees, as requested by Advanced Air's counsel on their claim,[10] totaling $10,708.75, twenty-five percent of the judgment ($17,835 x .25 = $4,458.75) and twenty-five percent of the amount sued for in Smith's counterclaims ($25,000 x .25 = $6,250).[11]

Advanced Air's only argument that the district court abused its discretion is that if Smith had prevailed on his counterclaim, his attorney's fees under HRS § 480-13 (2008) would not have been capped at twenty-five percent of the amount sued for, thus it is unfair to cap Advanced Air's fees.  See Cieri v. Leticia Query Realty, Inc., 80 Hawaiʻi 54, 73, 905 P.2d 29, 48 (1995) (noting that the amount of attorney fees under HRS § 480-13 awarded to *plaintiff's* counsel "need not be restricted to the

---

[9]  In its motion for attorneys' fees, Advanced Air also cited HRS § 607-14.5 (Supp. 2013).  HRS § 607-14.5 requires the trial court to make a specific finding that Smith's claims or defenses were frivolous.  The district court did not make such a finding.  Advanced Air offers no argument that the district court erred on this basis.

[10]  Advanced Air had separate counsel for its claim and its defense to Smith's counterclaims.

[11]  Smith asserted damages around $45,000.  The district court's jurisdiction was limited to claims not to exceed $25,000.  HRS § 604-5 (Supp. 2013). The district court thus limited the total sued for in the counterclaims to $25,000.

amount of actual damages.")  However, HRS § 480-13 only provides for recovery of reasonable attorneys' fees for *plaintiffs* who obtain judgment in actions brought under HRS Chapter 480. Advanced Air cites no authority to support the argument that HRS § 480-13 applies to defendants.  The only basis for awarding attorneys' fees to Advanced Air was HRS § 607-14.

Advanced Air has not demonstrated the district court abused its discretion.

Therefore, IT IS HEREBY ORDERED that the "Findings of Fact; Conclusions of Law; Order" filed on December 30, 2011, and Judgment entered on February 22, 2012, in the District Court of the First Circuit, Honolulu Division, are affirmed.

DATED:  Honolulu, Hawai'i, December 10, 2014.

On the briefs:

Brandee J.K. Faria
Michelle L. Premeaux
(Perkin & Faria LLLC)
for Defendant-Appellant/
Cross-Appellee

Ann C. Kemp
Gary W.K. Au Young
for Plaintiff-Appellee/
Cross-Appellant

Chief Judge

Associate Judge

Associate Judge